## CIRCUIT COURT OF FAIRFAX COUNTY

Irizzary

v.

Jamshidi

August 10, 2000

Case No. (Law) 184050

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on July 28, 2000, on Plaintiff's Second Motion to Compel Discovery. For the reasons set forth below, the Motion to Compel is denied.

The specific question at issue is whether the Defendant must produce documents prepared by her insurance company. The Fourth Circuit Court of Appeals has set forth a framework for inquiry of the work product rule which has been followed by a number of Virginia circuit courts. In *National Union Fire Ins. v. Murray Sheet Metal*, 967 F.2d 980, 984-85 (4th Cir. 1992), the court states:

in resolving the question of whether matters are immune from discovery because of a work product rule, attention must be turned first to whether the documents or tangible things were prepared in anticipation of litigation for trial and then, for materials other than legal opinion or theory, to whether the requesting party has demonstrated a substantial need.

*In camera* review of the documents at issue revealed that the Defendant notified her insurer that she had retained an attorney on February 19, 1998. All of the documents in question were produced after February 19, 1998, and therefore were prepared in anticipation of litigation for trial and are subsequently protected under the work product rule.

The "anti-freeloader" policy of the "substantial need" requirement "may be outweighed by a showing based on the document's relevance and importance to the issues in the litigation and the unavailability of the facts in the documents from other sources." *National Union Fire Ins.*, 967 F.2d at 984-85. The Plaintiff has not demonstrated a showing of substantial need for the documents; accordingly, his motion to compel the documents is denied.